# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DENNIS L. POWELL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 10-2157-KHV |
| ) | |
| CENTRINEX, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On September 21, 2010, defendant filed its motion for summary judgment. See Defendant's Motion For Summary Judgment (Doc. #10). Because plaintiff did not file a response and for substantially the reasons stated in defendant's Memorandum In Support Of Motion For Summary Judgment (Doc. #11) filed September 21, 2010, the Court sustained defendant's motion. See Order (Doc. #19) filed November 10, 2010. This matter is before the Court on plaintiff's letter (Doc. #22) filed November 10, 2010, which the Court construes as a motion for discovery and a motion for reconsideration,[1] and plaintiff's letter (Doc. #23) filed December 13, 2010, which the Court construes as a motion for discovery.

**I.    Motions For Reconsideration And Discovery**

    A.    Legal Standards

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds

---

[1]    Liberally construed, plaintiff's letter (Doc. #22) also seeks an extension of time to respond to defendant's motion for summary judgment. Because the Court has already sustained defendant's motion and entered judgment, the Court overrules this portion of plaintiff's motion as moot. Plaintiff's request is more properly considered as a motion for reconsideration which the Court addresses below.

justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

B.    Analysis

Plaintiff states that he would like an opportunity to present his position, Doc. #22 at 1, but he does not explain why he did not respond to defendant's motion for summary judgment. Plaintiff asks for discovery, Doc. #22 at 1, Doc. #23 at 1, but his requests are untimely. In response to defendant's motion for summary judgment, plaintiff did not timely file an affidavit or declaration under Rule 56(f) of the Federal Rules of Civil Procedure to ask the Court to defer ruling on defendant's motion so that he could obtain discovery.[2] Even if plaintiff had timely filed his letters,

---

[2]    At the time defendant filed his motion for summary judgment, Rule 56(f), Fed. R. Civ. P., provided as follows:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or

(continued...)

they do not satisfy former Rule 56(f) because they are not in the form of an affidavit or declaration and they do not include "specified reasons" why plaintiff could not present facts essential to justify his opposition to defendant's motion for summary judgment. In particular, plaintiff has not shown that the requested discovery would likely produce evidence sufficient to overcome defendant's motion for summary judgment. As explained in the prior order, the Court finds that (1) plaintiff has not presented sufficient evidence to suggest that in deciding to reduce its work force, defendant intended to discriminate against plaintiff based on age or race; (2) plaintiff cannot establish that his position remained open after defendant terminated his employment; (3) plaintiff cannot establish that defendant had any other available position for plaintiff (who also held a full-time daily position at ADT); and (4) plaintiff has not offered evidence to rebut defendant's legitimate, non-discriminatory reasons for eliminating his position along with the positions of 20 other employees, i.e. that its business was significantly slower than in earlier months. See Order (Doc. #19) at 1-2. For these reasons, the Court overrules plaintiff's motions for reconsideration and discovery.

## II.    Defendant's Request For Attorney Fees

In its order on defendant's motion for summary judgment, the Court did not address defendant's request for attorney fees. Defendant asks for fees as the prevailing party under Title VII and the ADEA.[3] See Memorandum In Support Of Motion For Summary Judgment (Doc. #11) at

---

[2](...continued)

(3) issue any other just order.

Fed. R. Civ. P. 56(f). Effective December 1, 2010, former Rule 56(f), with some minor stylistic changes, has been incorporated into Rule 56(d).

[3]    Defendant also seeks fees under Rule 11 of the Federal Rules of Civil Procedure. Rule 11 sets forth certain procedural requirements for parties seeking sanctions. See Fed. R. Civ.
(continued...)

15-17, 19. A prevailing defendant in a Title VII case is not entitled to an award of attorney fees unless the Court finds that plaintiff's claim was frivolous, unreasonable and groundless, or that plaintiff continued to litigate after his claim clearly became frivolous. Simons v. S.W. Petro Chem, Inc., 28 F.3d 1029, 1033 (10th Cir. 1994); see Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) (Title VII). A prevailing defendant in an ADEA case is entitled to fees only if plaintiff litigated the action in "bad faith, vexatiously, wantonly, or for oppressive reasons." EEOC v. Hendrix Coll., 53 F.3d 209, 211 (8th Cir. 1995); see Ruggles v. Keebler Co., No. 00-2481-GTV, 2003 WL 194679, at *1 (D. Kan. Jan. 28, 2003). Courts should exercise restraint, however, in making an award of attorney fees. Id. In Christiansburg, the Supreme Court noted as follows:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.

434 U.S. at 421-22.

Defendant argues that plaintiff proceeded with this case despite "full knowledge of the facts

---

³(...continued)
P. 11(c)(1). The moving party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct which allegedly violates Rule 11(b). See Fed. R. Civ. P. 11(c)(2). The moving party must serve the motion on the opposing party. See id. If the offending party does not withdraw the challenged document or conduct after 21 days, the moving party may file its motion for sanctions with the court. See id. The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory. Aerotech, Inc. v. Estes, 110 F.3d 1523, 1528-29 (10th Cir. 1997). These provisions are intended to provide a "safe harbor" against Rule 11 motions, so that a party will not be subject to sanctions unless, after motion, it refuses to withdraw a frivolous position or acknowledge that it does not currently have evidence to support a specified allegation. Because defendant did not file its request for sanctions as a separate motion and it has not shown that it has followed the Rule 11 safe harbor provision, the Court overrules defendant's request for sanctions under Rule 11.

and circumstances of Centrinex's business and basis for its reductions in force." Memorandum In Support Of Motion For Summary Judgment (Doc. #11) at 17. In his letters of November 10 and December 13, 2010, however, plaintiff seeks fairly limited discovery which appears relevant to his claim. Defendant has not filed any response to plaintiff's letters. Although plaintiff should have requested this information earlier, the letters reflect that plaintiff may not have been fully informed of the circumstances of the various reductions in force. On this record, the Court cannot find that plaintiff's claims were frivolous or that plaintiff proceeded in bad faith or with knowledge that his claims were "frivolous and unreasonable." Id. at 15. The Court therefore overrules defendant's request for attorney fees.

**IT IS THEREFORE ORDERED** that plaintiff's letter (Doc. #22) filed November 10, 2010, which the Court construes as a motion for discovery and a motion for reconsideration, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's letter (Doc. #23) filed December 13, 2010, which the Court construes as a motion for discovery, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's request for attorney fees be and hereby is **OVERRULED**.

Dated this 4th day of January, 2011 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge